UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 605-75084-fra13 |
| IVAN CERMAK and JOAN CERMAK, | MEMORANDUM OPINION |
| Debtors. | |

## BACKGROUND

Debtors filed a chapter 13 bankruptcy petition on December 27, 2005, after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Along with the bankruptcy petition, Debtors filed a motion to extend time for credit counseling. They also filed a "Motion/Request for Change of Judge, 28 U.S.C. §455." A hearing was held on January 19, 2006, at the conclusion of which the court denied both motions and stated that the court would prepare written orders of its rulings and an order of dismissal. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law.

// // //

// // //

// // //

Page - 1

DISCUSSION

A. Motion for Change of Judge

Debtors ask that this judge recuse himself from Debtors' bankruptcy case due to an alleged bias. The motion is based solely on prior rulings of the Court, including denial of the involuntary petition and an award of attorney's fees in Fountainhead Global Trust, 604-69908-fra7. Copies of those two rulings are appended to this Memorandum Opinion.

28 U.S.C. § 455 provides in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

In Liteky v. U.S., 510 U.S. 540, 554 (1994), the Supreme Court held that the "extrajudicial source" doctrine applies to section 455. In explaining the doctrine, the Ninth Circuit Court of Appeals stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Second, opinions formed by a judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make a fair judgment impossible.

Smith v. Hale et al. (In re Smith), 317 F.3d 918, 932-33 (9th Cir. 2002)(italics in original).

/ / / / /

Mr. Cermak was an interested party in Fountainhead Global Trust and argues that this court's rulings in that case, in denying the involuntary petition and in awarding attorney's fees to the involuntary debtor under 11 U.S.C. § 303(i), show that "Judge Alley may have a substantial bias against me or other claimants in this matter." Debtor has not provided evidence to show that this evinces a "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky at 555.

B. Motion for Extension to Obtain Credit Counseling

11 U.S.C. § 109(h) provides in part:

> (1) [A]n individual may not be a debtor under this title unless such individual has, during the 180 day period preceding the [petition date], received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . .
>
> * * *
>
> (3) (A) [T]he requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that -
>
> > (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> >
> > (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
> >
> > (iii) is satisfactory to the court.

It is clear that a debtor must have received approved credit counseling during the 180 day period <u>before</u> the petition date. The relevant exception in this case is when the debtor attempted to

Page - 3

obtain credit counseling, but was unable to obtain those services within five days.  However, the attempt to obtain credit counseling must have been made prior to the petition date for the exception to apply.

At the Court's hearing on Debtors' motion, the Debtor indicated that he had filed his bankruptcy petition in the hope of forestalling the sale on foreclosure of property in a related bankruptcy and that he had not sought the required credit counseling prior to the date he filed his bankruptcy petition.  Since the Bankruptcy Code's requirement of a pre-filing inquiry into the availability of credit counseling was not satisfied, the Court must find that the Debtors are ineligible to be debtors under Code § 109.

CONCLUSION

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law, along with those findings and conclusions made from the bench.  Orders denying the Debtors' motions will be entered and the bankruptcy case dismissed.

FRANK R. ALLEY, III
Bankruptcy Judge

Page - 4